UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MA JULIA RIVERA ESCALERA,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; and MOISES BECERRA, Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondents. | No. 1:26-cv-00894-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Ma Julia Rivera Escalera is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claim one of the petition. *See, e.g.*, *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507 (E.D. Cal. Jan. 6, 2026); *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025 WL 3254999 (E.D. Cal. Nov. 22, 2025).

1

1  The Court informed the parties that it intended to rule directly on the petition and ordered
2  respondents to show cause as to whether there are any factual or legal issues in this case that
3  distinguish it from the Court's prior orders in *Ramazan M. v. Andrews*, *R.A.N.O. v. Wofford*, and
4  *Omer G.G. v. Kaiser* and that would justify denying the petition. Doc. 6. Respondents state that
5  they "have reviewed the cases cited in the Court's February 2 Order and confirm that this case
6  poses the same legal issues as those cases." Doc. 7 at 1. While respondents oppose the petition,
7  they do not raise any new arguments. *See id.* at 1–2.[1]

8  As respondents have not made any new legal arguments and have not identified any
9  factual or legal issues in this case that would distinguish it from the Court's prior decisions in
10 *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal.
11 Nov. 10, 2025), *R.A.N.O. v. Wofford*, No. 1:25-CV-01535-KES-EPG (HC), 2026 WL 40507
12 (E.D. Cal. Jan. 6, 2026), and *Omer G.G. v. Kaiser*, No. 1:25-CV-01471-KES-SAB (HC), 2025
13 WL 3254999 (E.D. Cal. Nov. 22, 2025), the petition for writ of habeas corpus is GRANTED as to
14 claim one, for the reasons addressed in those prior orders.[2]

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///

---

[1] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 7 at 2. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[2] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

1       Respondents are ORDERED to release petitioner immediately.  Respondents are
2 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
3 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
4 petitioner is a flight risk or danger to the community such that his physical custody is legally
5 justified.
6       The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   February 4, 2026

_____
UNITED STATES DISTRICT JUDGE